United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 17-17585-ref
Thomas J Malarik                                                        Chapter 13
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4        User: Lisa            Page 1 of 1          Date Rcvd: Dec 27, 2018
                            Form ID: pdf900       Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 29, 2018.
db             +Thomas J Malarik,    709 Seitz Street,    Easton, PA 18042-6545
cr             +City of Easton,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
                 Norristown, PA 19404-3020

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr              E-mail/Text: ebnbankruptcy@ahm.honda.com Dec 28 2018 02:38:34
                 American Honda Finance Corporation,    d/b/a Honda Financial Services,,
                 administrtor for Honda Lease Trust,    3625 W. Royal Lane,    #200,   Irving, TX  75063
                                                                                              TOTAL: 1

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 29, 2018                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 27, 2018 at the address(es) listed below:
              DAVID M. OFFEN    on behalf of Debtor Thomas J Malarik dmo160west@gmail.com,
               davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
              FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              JAMES RANDOLPH WOOD    on behalf of Creditor    City of Easton jwood@portnoffonline.com,
               jwood@ecf.inforuptcy.com
              KEVIN G. MCDONALD    on behalf of Creditor    Pacific Union Financial, LLC bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Pacific Union Financial, LLC
               bkgroup@kmllawgroup.com
              ROLANDO   RAMOS-CARDONA    on behalf of Trustee FREDERICK L. REIGLE
               RRamos-Cardona@fredreiglech13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM MILLER*R    ecfmail@FredReigleCh13.com,    ECF_FRPA@Trustee13.com
              WILLIAM EDWARD CRAIG    on behalf of Creditor    American Honda Finance Corporation
               ecfmail@mortoncraig.com,   mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                              TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas J. Malarik<br>　　　　Debtor | CHAPTER 13 |
| PACIFIC UNION FINANCIAL, LLC<br>　　　　Movant<br>vs.<br>Thomas J. Malarik<br>　　　　Debtor | NO. 17-17585 REF |
| William C. Miller*R<br>　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is $7,267.32, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 2018 to October 2018 at $1,522.69/month |
| Suspense Balance: | $1,377.13 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$7,267.32** |

2. The Debtor shall cure said arrearages in the following manner:

　　a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,267.32.**

　　b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $7,267.32 along with the pre-petition arrears;

　　c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due November 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,522.69 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 4, 2018

/s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant

Date: 12-20-2017

David M. Offen, Esquire
Attorney for Debtor

Date: 12/26/18

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this 27 day of December, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Richard E. Fehling